KNOWLES LOOM WORKS v. RYLE et al.

(Circuit Court of Appeals, Third Circuit. November 6, 1899.)

No. 11.

MORTGAGES—AFTER-ACQUIRED PROPERTY.

A mortgage which includes "all the machinery now or hereafter to be placed" on the mortgaged premises, covers machinery subsequently acquired by the mortgagor under a contract held to be one of sale, and not of bailment, and placed on the premises, as against a lease subsequently executed to the seller by the mortgagor, for the purpose of reserving title to such machinery until payment of the price.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

J. Martin Rommel and John G. Johnson, for plaintiff in error.
Robert B. Honeyman, for defendants in error.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

ACHESON, Circuit Judge. When this case was here upon a former writ of error this court said:

"Regarding the two instruments of March 16, 1895, and July 12, 1895, as parts of one and the same transaction,—which is the most favorable view that can be taken for the Knowles Loom Works,—the conclusion is irresistible that the transaction was not a bailment, but a sale of the machinery, with a lease se-

curity for the price." Ryle v. Loom Works, 59 U. S. App. 653, 669, 31 C. C. A. 340, 343, 87 Fed. 976, 980.

At the first trial of the case the plaintiff (the Knowles Loom Works) put in evidence the written instrument or order of March 16th. At the second trial, however, the plaintiff did not offer that paper, but examined Charles H. Hutchins, the president of the plaintiff company, and John D. Cutter, the president of the Cutter Silk-Manufacturing Company, who conducted the antecedent negotiations with respect to the machinery, and a third person, who was present thereat, to show what these negotiations were, and what was then verbally agreed on; the plaintiff claiming that this testimony established an oral contract not to sell the machinery, but to lease it upon the terms afterwards embodied in the instrument of July 12th, and that the machinery was delivered, not under the written order of March 16th, but under the alleged prior oral contract. But Mr. Hutchins himself testified that at the close of the negotiations, after "the arrangement was made on that plan, he [Hutchins] asked Mr. Cutter if he would write a memorandum of this plan, and Mr. Cutter wrote a letter under date of March 16th, which embodied the essential features that I had in my mind." Now, this letter was the instrument or order of March 16th, which we here reproduce:

"New York, March 16th. 1895.

"Knowles Loom Works—Gentlemen: Please build for us one hundred silk looms 35 in. 20 harness 4x4 box, with multiplier and angular drive ½ each right and left with jacquards 600 hooks rise and fall, three levers. price two hundred and eighty dollars each. Terms of payment, notes bearing interest at six per cent. per annum, and maturing twelve months from the average date of delivery, but to be written 'six months' for convenience, and renewed as above. The Knowles Loom Works to own the machinery until paid for as per their usual form, and to hold also in first mortgage bonds of the Cutter Silk-Mfg. Co. fifteen thousand dollars as collateral security toward the payment of said notes.    Cutter Silk-Mfg. Co., by John D. Cutter, Prest."

Under the evidence it is indisputable that immediately after this order was written it was delivered by the president of the Cutter Silk-Manufacturing Company, acting for his company, to the president of the Knowles Loom Works, and was accepted by the latter on behalf of his company. There is not a particle of evidence tending to show that anything was omitted from this written memorandum of the agreement, or order then delivered and accepted, which the parties intended it should contain. To the contrary of this, the president of the plaintiff company has testified that it "embodied the essential features that I had in my mind." In disposing of the case upon the reserved point, the trial judge, in his opinion, said:

"I have read the notes of both trials, and see no essential difference between what appeared then and what appears now. There was a larger volume of testimony upon the second trial, but there is nothing to take the case out of the decision of the court of appeals. The letter of March 16th summed up the preliminary negotiations between the parties, and constituted, as the court of appeals has said, 'the original contract relating to this machinery.'"

We have attentively read and carefully considered all the evidence, and we are entirely satisfied with the conclusion of the trial judge. It is, however, here contended by the counsel for the plaintiff in

error that what the contract really was, upon the basis of which the machinery was delivered, was one of fact for the determination of the jury alone. But this argument is not open to the plaintiff in error. This record shows that the parties agreed that the only question the jury should consider was that concerning the value of the machinery, and that the questions of ownership and title should be determined by the court under the reserved point. Moreover, the only assignments of error are: First, that the court erred in entering judgment for the defendant upon the point of law reserved, notwithstanding the verdict; and, second, that the court erred in that it did not enter judgment for the plaintiff upon the verdict. That any question of fact was improperly withdrawn from the jury is not assigned for error. In view of the uncontradicted evidence, the proposition advanced by the plaintiff in error that the looms did not become fixtures, and hence that no title passed to the mortgage trustee, cannot be sustained. The trust mortgage of May 18, 1895, in express terms included "all the machinery now or hereafter to be placed" on the mortgaged premises. Now, the transaction of March 16th, as we have seen, being a sale, undoubtedly the trust mortgage attached to and bound the looms prior to the execution of the lease of July 12, 1895. We find no error in this record, and accordingly the judgment of the circuit court is affirmed.